JAMES WESLEY MCAFEE AND ALICE B. MCAFEE, PETITIONERS, *v.*
COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 10162.     Promulgated October 20, 1947.

*Walter S. Alt, Esq.*, for the petitioners.
*Harlow B. King, Esq.*, for the respondent.

722

**OPINION.**

LeMire, *Judge*: The crux of our question is, Did the petitioner sell to the other partners his interest in the partnership, or did he merely agree with them as to what he should be entitled to receive out of the fees thereafter collected on the work already performed or contracted for during his association with the firm?

In their briefs the parties have cited numerous cases in support of their respective contentions, including: *Bull* v. *United States*, 295 U. S. 247; *Hill* v. *Commissioner*, 38 Fed. (2d) 165; *Pope* v. *Commissioner*, 39 Fed. (2d) 420; *Helvering* v. *Smith*, 90 Fed. (2d) 590; *Doyle* v. *Commissioner*, 102 Fed. (2d) 86; *McClennen* v. *Commissioner*, 131 Fed. (2d) 165; *Allan S. Lehman*, 7 T. C. 1088; *Estate of George R. Nutter*, 46 B. T. A. 35. The cases cited in the briefs may be said to stand for

the proposition that the payments which a retired partner, or his estate in case of his death, receives from his firm, or from the individual members, constitutes capital gain if there was in fact a sale by the retired or deceased partner of his interest in the partnership, and ordinary income if the payments were in fact the retired or deceased partner's share of the income which he had earned during his association with the firm.

The parties here have stipulated that at the time of the petitioner's retirement the physical assets of the firm, acquired after the petitioner became associated with it, consisted of a library and other office equipment which had an undepreciated cost of $1,752.99 and in which the petitioner had a one-fourth interest. The firm carried no good will on its books and no mention was made of good will in the dissolution agreement. There was carried in the books a "capital account" consisting of a cash working fund. The petitioner's share of that fund was paid to him or, as he described it, "withdrawn" by him, at the time the old agreement was entered into. This capital account was not mentioned in the written agreement and had no connection with the subsequent payments which the petitioner received under that agreement.

There is no doubt that the petitioner and his associates intended for the agreement to have the form and appearance of a sale by the petitioner to his associates of his interest in the partnership. The reason for this, as the petitioner and one of his associates testified before us, was that they thought it might be considered unethical for the petitioner to continue receiving profits of the law firm and at the same time receive compensation as an officer of one of its principal clients. The firm expected to continue representing the Union Electric Co. of Missouri in legal matters.

We must construe the agreement according to its substance and effect, rather than its form and appearance. The purpose of the parties to have an agreement in writing evidencing final and complete severance of the petitioner's relations with the partnership does not mean that there was in actuality a sale by the petitioner of his interest in the partnership. In the *Bull* case, *supra*, one of the leading cases on this point, the Court of Claims held that all of the income paid by a trading partnership to the estate of a deceased partner, including that earned prior to his death as well as that subsequently earned, constituted income taxable to the deceased partner's estate and was includible in the decedent's estate for estate tax purposes. The Supreme Court sustained as to the income tax, both as to the income earned before and that earned after the deceased partner's death, but held that the later income was not includible in the gross estate for estate tax purposes. The Court said in its opinion:

We concur in the view of the Court of Claims that the amount received from the partnership as profits earned prior to Bull's death was income earned by him in his lifetime and taxable to him as such; and that it was also corpus of his estate and as such to be included in his gross estate for computation of estate tax. We also agree that the sums paid his estate as profits earned after his death were not corpus but income received by his executor, and to be reckoned in computing income tax for the years 1920 and 1921. Where the effect of the contract is that the deceased partner's estate shall leave his interest in the business and the surviving partners shall acquire it by payments to the estate, the transaction is a sale, and payments made to the estate are for the account of the survivors. It results that the surviving partners are taxable upon firm profits and the estate is not. [*Hill* v. *Commissioner, supra; Pope* v. *Commissioner, supra.*] Here, however, the survivors have purchased nothing belonging to the decedent, who had made no investment in the business and owned no tangible property connected with it. The portion of the profits paid his estate was therefore income and not corpus; * * *

The Court pointed out that there were no tangible assets involved in the contract.

The *Hill* and *Pope* cases, which were cited with approval in the *Bull* case, involved payments made to the estate of a deceased partner of agreed shares of the subsequent earnings of insurance brokerage firms. It was held that the partnership agreements under which the payments were made constituted sales by the deceased partners' estates and purchases by the continuing partner of the deceased partners' interests; and that the surviving partners were therefore taxable pro rata on all of the partnership earnings. Neither of the cases involved any question as to whether the payments made were capital gains or ordinary income to the estates of the deceased partners. The question in each case was whether the income payable to the deceased or retired partner was taxable income to the continuing partner or was a deductible expense of the partnership.

In *Estate of George R. Nutter, supra,* one of the cases relied upon by petitioner, we held that the value of a contract providing for payment of a certain portion of the earnings of a law partnership to the estate of a deceased partner was includible in his gross estate. The *Bull* case, *supra,* was distinguished on the grounds that in the *Nutter* case there were substantial "capital and tangible assets" which were taken into account in the dissolution agreement. We said in our opinion:

* * * In this matter there appear to have been both an investment of capital in, and tangible property owned by, the partnership and a clear recognition by the partnership in the partnership agreement that each partner had a capital interest; whereas in the *Bull* case there was neither capital interest nor tangible property owned by the partnership. * * *

*Helvering* v. *Smith, supra,* involved substantially the same question as that presented in the instant case; that is, whether the payments made to a retired partner of a law firm out of the earnings thereafter

received for services performed, or on business obtained, while he was in the firm are taxable as capital gains or as ordinary income. The Circuit Court held that the payments were ordinary income. In his opinion, Judge Learned Hand said:

> * * * The transaction was not a sale because he got nothing which was not his, and gave up nothing which was. Except for the "purchase" and release, all his collections would have been income; the remaining partners would merely have turned over to him his existing interest in earnings already made. As he kept his books on a cash basis, it is true that he would have been taxed only as he received the accounts in driblets, but he would have been taxed upon them as income. The "purchase" of that future income did not turn it into capital, any more than the discount of a note received in consideration of personal services. The commuted payment merely replaced the future income with cash. Indeed, this very situation was suggested in *Bull* v. *United States, supra,* 295 U. S. 247. * * *

Here the extent of petitioner's interest in the physical assets of the firm was only about $438. The claim is made that there was some good will which was attributable to the petitioner's association with the firm, but there was no attempt to value it and no account was taken of it in the dissolution agreement. The fact that the amount which the petitioner would ultimately receive from the firm was contingent upon the amount of fees collected on the cases in which he had an interest indicates that no part of the consideration was intended to cover either good will or physical assets. The ultimate amount which the petitioner was entitled to receive under the agreement was not $20,000, but was $20,000 plus or minus the difference between that amount and his one-fourth portion of the fees collected in the cases in which he was deemed to have an interest. This contingent provision of the agreement seems to us to mean that what the petitioner was to receive was nothing more or less than his share of the partnership earnings. The fact that the continuing partners did not report the petitioner's share of subsequent earnings in their individual returns indicates that they so understood the agreement.

In *Allan S. Lehman, supra,* another of the cases relied upon by the petitioner, there was an admitted capital gain on the sale by partners of a fractional interest in a securities brokerage business. Our only question was whether the holding period for such capital asset dated from the taxpayer's acquisition of his interest in the partnership or from the date or dates of acquisition by the firm of specific assets which it held at the time of the transaction. The case obviously is not authority for the petitioner's contentions here.

On the evidence here we have found as a fact that the petitioner did not sell an interest in the partnership firm or in the assets of the firm. The agreement of December 30, 1941, as we construe it, was not in substance a contract of sale, but was merely a contract of partnership dissolution by which the partners settled their respective rights in the

subsequent earnings of the partnership. The question here is not materially different from that in *Helvering* v. *Smith, supra.* We think the respondent has correctly determined that the income which the petitioner received from the partnership in 1944 is taxable to him as ordinary income.

*Decision will be entered for the respondent.*