Rita A. Laube v. Commissioner. Gregor A. Meier v. Commissioner. Clara A. Meier v. Commissioner.
Laube v. Commissioner
Docket Nos. 55578, 55667, 55668.
United States Tax Court
T.C. Memo 1957-13; 1957 Tax Ct. Memo LEXIS 239; 16 T.C.M. (CCH) 65; T.C.M. (RIA) 57013; January 25, 1957
*239 Harold Kamens, Esq., 10 Commerce Court, Newark, N.J., for the petitioner in Docket No. 55578; David Zuckerman, Esq., and Leopold Frankel, Esq., C.P.A., 262 Main Street, Paterson, N.J., for the petitioners in Docket Nos. 55667 and 55668. Norman A. Peil, Jr., Esq., for the respondent. TIETJENS
Memorandum Findings of Fact and Opinion TIETJENS, Judge: These consolidated proceedings involve deficiencies in income tax determined against the petitioners as follows: Addition to Tax
Year
Dkt. No.
Deficiency
Section 291(a)
1946
55578
$63,787.32
1944
55667
13,351.67
$ 667.28
1945
55667
24,689.73
1,234.49
1946
55667
27,529.29
1,376.46
1946
55668
1,563.87 The deficiencies for the years 1944 and 1945, and the additions to tax for the years 1944, 1945 and 1946, involved in Docket No. 55667 are not at issue. Certain other adjustments made by the Commissioner, which pertain to the year 1946, are not contested. We must decide whether Rita A. Laube (Docket No. 55578) was a limited partner in the Oilchem Company partnership, and if so, whether the sum of $2,250 received by her in 1946 was received as partial consideration for the sale *240 of her partnership interest or whether it was received as part of her distributive share of the net income of the partnership for that year. If the payments represent part of the purchase price of a partner's interest then the other partners, Gregor A. Meier (Docket No. 55667) and Clara A. Meier (Docket No. 55668), may not deduct such purchase price in determining the partnership's distributable profits. The Commissioner made inconsistent determinations with respect to petitioner Rita, and petitioners Gregor and Clara, in order to protect the revenue. Their cases were consolidated for hearing and opinion. Findings of Fact Some of the facts are stipulated. Such facts and the exhibits thereto are found as stipulated and are incorporated herein by this reference. The petitioner in Docket No. 55578 is Rita A. Laube, an individual who resided in Ridgewood, New Jersey, during the year 1946. She filed her income tax return for that year with the collector of internal revenue for the fifth district of New Jersey. The petitioners in Docket Nos. 55667 and 55668 are Gregor A. Meier and Clara A. Meier, respectively. They are husband and wife and resided in Glen Rock, New Jersey, during the *241 year 1946. They filed their individual income tax returns for that year with the collector of internal revenue for the fifth district of New Jersey. Charles A. Laube died on August 31, 1946. He left his entire estate to his wife Rita. Prior to January 2, 1945, Charles held a one-third interest in the Oilchem Company, Inc., a corporation engaged in the business of selling and distributing chemicals, dyestuffs, detergents, oils, finishes and allied lines, on a commission basis. On December 29, 1944, that corporation was dissolved. On January 2, 1945, Charles, Gregor and Clara formed a partnership called the Oilchem Company to carry on the business of the dissolved corporation. The partnership agreement provided, among other things, that each partner could sign partnership checks; that each partner was required to devote as much time and attention to the partnership business as was necessary to carry out its objects and purposes; that the net profits should be distributed as follows: Charles should receive one-half of all commissions earned by reason of sales made to the Cliffside Dyeing Corporation and the balance of the net profits should be distributed between Gregor and Clara; *242 that losses were to be divided on the same basis as the amount allocated to each partner bore to the total net profits of the preceding year; and that on the demise of Charles the partnership should come to an end and a limited partnership agreement should be drawn by the surviving partners, admitting Leopold Frankel as trustee for Rita, a limited partner. Charles and Gregor each owned one-third of the stock in the Cliffside Dyeing Corporation. On April 24, 1945, the following agreement was executed: "THIS AGREEMENT, made this 24th day of April 1945, by and between CHARLES A. LAUBE, of Ridgewood, New Jersey, (herein called the 'First Party') and GREGOR A. MEIER and CLARA A. MEIER, of Glen Rock, New Jersey (herein called the 'Second Party'), "WITNESSETH: "WHEREAS, some time in May, 1940, the said First Party, received from Gregor A. Meier, a nominal or qualifying interest of three and one-third (3 1/3) shares or one-third (1/3) of the total issued and outstanding stock of Oilchem Company, Inc., a New Jersey corporation having its principal office at Wood and Shady Streets, Paterson, 4n.j.,/ without having paid any consideration therefor; and "WHEREAS, the said Oilchem Company, *243 Inc. was duly dissolved on or about December 29, 1944, and such dissolution is duly recorded with the Secretary of State of the State of New Jersey, on or about the said date; and "WHEREAS, the commissions and salary received by the First Party from the Oilchem Company, Inc. was equal to one-half (1/2) of the commissions earned by the said Oilchem Company, Inc. by reason of sales made to Cliffside Dyeing Corporation of Paterson, New Jersey, (hereinafter called 'Cliffside'), of oils, finishes, detergents and chemicals; and "WHEREAS, it is the desire of the First Party to relinquish the said one-third interest received as aforesaid, and restore the same to the said Second Party, "NOW THEREFORE, IT IS HEREBY MUTUALLY AGREED AS FOLLOWS: "1. The First Party hereby reassigns and returns to the First Party the said three and one-third (3 1/3) shares of stock of Oilchem Company, Inc., representing one-third (1/3) interest in said company, to the said Gregor A. Meier. "2. The First Party hereby agrees that in any partnership to be formed for the sale and distribution of oils, chemicals, dye-stuffs, finishes, detergents, etc., he waives any interest in the partnership, except such *244 as will during his lifetime give him a one-half (1/2) interest in the commissions earned by reason of sales made by the partnership, to the said Cliffside. "3. Upon the death of the said First Party, his interest in the commissions of the partnership, as hereinabove set forth, shall cease and determine, except as to commissions earned by said partnership by reason of sales made to Cliffside down to the date of death of said First Party. "4. The Second Party hereby agrees to give the First Party one-half interest in the commissions to be earned by a partnership to be formed and known as "Oilchem Company", a trade name, subject to the foregoing conditions. "5. This agreement shall bind the parties hereto, and their heirs, executors, administrators and assigns, respectively." On May 25, 1 45, the following agreement was executed: "AGREEMENT entered into this 25th day of May, 1945, by and between CHARLES A. LAUBE, of Ridgewood, New Jersey, herein called the 'First Party'; RITA A. LAUBE, his wife, of Ridgewood, New Jersey herein called the 'Second Party'; GREGOR A. MEIER and CLARA A. MEIER of Glen Rock, New Jersey, herein called the 'Third Parties' and LEOPOLD FRANKEL, counsellor-at-law, *245 of Paterson, New Jersey, herein called the 'Trustee'. "WITNESSETH: * * * "WHEREAS, the First Party, by his will, has bequeathed his interest in the said partnership [Oilchem Company] to the Second Party; and "WHEREAS, it is the desire of the Parties hereto that the partnership herein referred to shall continue to function, even after the demise of the said First Party, and that the interest of the Second Party may be protected, "NOW, THEREFORE, * * * it is hereby mutually agreed as follows: "I. Upon the demise of the First Party, the Second Party will assign and transfer her interest in the Oilchem Company, acquired through the First Party, to Leopold Frankel, as Trustee, upon the terms and conditions hereinafter set out. "II Upon the demise of the First Party, the Third Parties hereto agree to form a limited partnership and to enter into a limited partnership agreement with Leopold Frankel, as Trustee for the Second Party. Under the terms of such limited partnership agreement, the Third Parties shall be the general partners and the Trustee shall be the limited partner. "III. The said Trustee shall act in the place and stead of the said Second Party and shall *246 collect her relative interest in the commissions or profits which would have been allocated to the First Party, had he lived. "IV. In the event of the death of the Second Party, the limited partnership shall come to an end, and all obligations and liabilities of the Third Parties hereunder shall cease and determine. There shall be no further payments of any kind to the Trustee, or to the beneficiaries or legatees of the Second Party, except such payments as may have accrued prior to her demise and have remained unpaid. * * *
"VII. In the event that the said Cliffside Dyeing Corporation is dissolved either by voluntary or involuntary dissolution, during the lifetime of the Second Party and of the limited partnership agreement, then the said limited partnership agreement shall come to an end, and the liability of the Third Parties hereunder to make any payments to the Trustee, except such as have accrued down to the date of dissolution shall cease and determine. "VIII. In the event of the death of Gregor A. Meier or Clara A. Meier, then the Trustee herein and the surviving member of the Third Parties shall continue the limited partnership without any break in the continuity *247 of the said partnership, and carry out the policies laid down by the partners in their lifetime and in existence when the surviving Party and the Trustee take over the full management of the said Oilchem Company." On June 5, 1945, Rita and Leopold Frankel executed an agreement in which Rita appointed Leopold Frankel as trustee to represent her limited partnership interest in the limited partnership to be formed by Gregor and Clara upon the demise of Charles as was agreed in the May 25, 1945 agreement. Charles's partnership interest was valued at $2,632.76 for estate tax purposes. The fiduciary income tax return for the Estate of Charles A. Laube, Deceased, for the year 1946 showed $4,612.58 as ordinary income received from the Oilchem Company. On May 4, 1948, an amended fiduciary income tax return was filed for the year 1946 which showed no income received from the Oilchem Company. It showed $2,250 received from the Oilchem Company as a return of capital. During the period September 1, to December 31, 1946, Rita received $2,250 from the partnership. The partnership's tax return for 1946 reported the partners' share of income as follows: Gregor A. Meier
$24,821.85
Clara A. Meier
24,821.85
Charles A. Laube, deceased
9,506.04
Rita A. Laube, Executrix
4,660.93
Total
$63,810.67
*248 The 1946 income tax returns of Gregor and Clara showed income from the Oilchem Company partnership of $24,895.35. Rita's 1946 income tax return reported no partnership income. The fiduciary, partnership and individual income tax returns mentioned above were prepared by Leopold Frankel. On October 20, 1949, Rita and Gregor (representing the partnership) executed an agreement which provided in part as follows: "On behalf of Clara and myself, acting for Oilchem Company, this will express our agreement. "1. All services in connection with Oilchem will be performed by Clara and me. "2. All losses will be borne by us. "3. For the interest which Charlie had in Oilchem at the date of his death, you agree to accept $100,000 as payment in full on the following terms: "A. Any sums paid since his death shall be applied against the $100,000. "B. As in the past, so in the future, $750.00 per month shall be paid to you out of net Cliffside commissions earned, until: "a) I, Gregor A Meier, die, or "b) You, Rita A. Laube, die, or "c) Gregor A. Meier's connection with Cliffside ceases, when any unpaid balance shall be waived." On July 10, 1951, Rita, and Gregor (representing *249 the partnership) executed an agreement which modified the agreement of October 20, 1949, in so far as the manner of payment of the $100,000 was concerned. The Commissioner made certain adjustments to the partnership's income for the year 1946, which increased its net income to $76,810.67 instead of $63,810.67 as reported. He determined that Clara's share of the partnership income for 1946 was $27,152.32 and not $24,895.35 as reported. He also determined that Gregor's share of the partnership income for 1946 was $46,636.94 and not $24,895.35 as reported. The Commissioner determined that Rita sold her partnership interest in 1946 and realized $100,000 short-term capital gain on such sale. The Commissioner and Rita have stipulated that if it is determined that a sale of Rita's interest in the partnership took place in 1946, then the contractual promise, if any, to pay moneys in the future on stated conditions made by the partnership to Rita had no fair market value in 1946. Ultimate Findings Charles did not sell his interest in the Oilchem Company partnership by virtue of the agreement of April 24, 1945. Rita did not acquire Charles's partnership interest by gift by virtue *250 of the May 25, 1945 agreement. Rita became a limited partner in the Oilchem Company partnership at Charles's death in 1946. Rita did not sell her limited partnership interest to the partnership in 1946. Opinion Rita, Charles, Gregor and Clara, or combinations of these individuals, executed six agreements, the interpretation of which determines the issues involved in this case. We must decide whether, by virtue of these agreements, Rita became a limited partner in the Oilchem Company and if so whether she sold her interest in the partnership in 1945 or 1946, thereby realizing capital gains on the transaction or whether she remained a limited partner during 1946 and therefore must include in her gross income her distributive share of the partnership's profits. If there was a sale of a partner's interest in the Oilchem Company, then the partnership may not deduct the purchase price in determining its distributable profits. The petitioners agree that Gregor, Clara and Charles created a partnership when they executed the agreement of January 2, 1945. However they do not agree on the result of the April 24, and May 25, 1945 agreements. Rita takes the position that she never became *251 a limited partner in the Oilchem Company. She contends that the effect of the April 24 agreement was that Charles sold or exchanged his right to receive the 50 per cent commissions on the partnership's future sales to the Cliffside Dyeing Corporation. To substantiate her position she stresses the fact that the April 24 agreement provided that Charles's interest in the commissions would cease at his death, yet there was no provision for the disposition of his capital interest in the partnership, also that provisions in the January 2 agreement obligated Charles to devote sufficient time to the business and obligated him to bear losses of the partnership, while nothing was recited as to this in the April 24 agreement. Rita therefore argues that Charles must have sold his interest in the partnership for a price dependent upon the length of his life and the earning of certain commissions. Rita further contends that the May 25 agreement resulted in a gift to her from Charles of his interest in the future commissions, which gift would take effect at his death, and thus having received such interest in such manner, her basis and the period for determining a long-term or short-term capital *252 gain would stem from Charles's basis and holding period. On the other hand Gregor and Clara take the position that Rita was a limited partner in the Oilchem Company. They contend that any logical interpretation of the agreements could not feasibly give rise to a sale by Charles or Rita of his or her interest in the partnership in 1945 or 1946. They argue that the April 24 contract did no more than further define and limit Charles's minority interest as a partner in the company or change the character of his partnership interest to a lesser status. They argue further that the purpose of the May 25 agreement was not to effectuate a sale of a partnership interest but was to effectuate the desire of the parties that the partnership continue to function even after the demise of Charles and that Rita's interest be protected. Alternatively they argue that if the sale of a partnership interest is found, then such sale is an assignment of income to Rita and not an acquisition of capital by the remaining partners. The Commissioner has taken inconsistent positions in this case in order to protect the revenue. He contends that if we find a sale of a partnership interest in 1945 or 1946 then *253 Gregor and Clara, the remaining partners in the Oilchem Company, may not reduce the partnership's 1946 distributable profits by that portion of the purchase price payable from such profits. He also contends that whatever payments were made to the Laube interests after the death of Charles, are taxable to Rita and not the Estate of Charles, under the contracts involved and further that if Rita sold her interest in the partnership, such sale took place in 1946 or subsequently and not in 1945. We cannot agree with Rita's contention that Charles sold his partnership interest to Gregor and Clara on April 24, 1945, and that on May 25, 1945 Charles made a gift to Rita of his interest in the future commissions earned by the Oilchem Company on sales to the Cliffside Dyeing Corporation, which gift was to take effect at his death. We think that the April 24 agreement was nothing more than a modification of the original partnership agreement executed on January 2, 1945. And we view the May 25 agreement as making provision for continuation of the partnership after Charles's death, with Rita taking Charles's place, but as a limited partner rather than a general partner. The preamble of that contract *254 to which Rita was a party is in part: "WHEREAS, it is the desire of the Parties hereto that the partnership herein referred to shall continue to function, even after the demise of * * * [Charles], and that the interest of * * * [Rita] may be protected." We hold that Charles did not sell his interest in the partnership on April 24, 1945 and that Rita did not acquire his partnership interest by gift on May 25, 1945. We must decide whether Rita was a limited partner in the Oilchem Company partnership during 1946. The agreements executed by the petitioners and Charles are decisive of this issue. We must construe them according to their substance and effect, rather than their form and appearance. James Wesley McAfee, 9 T.C. 720 (1947). Rita testified that she never executed, either orally or in writing, a partnership agreement with Gregor and Clara. She also testified that she never participated in the management of the Oilchem Company nor discussed its affairs with Gregor and Clara and that she was unaware of the amounts charged to her on the partnership tax returns. Nevertheless, after carefully considering all of the evidence, which is somewhat confusing and contradictory, *255 we have concluded that Rita became a limited partner in the Oilchem Company at Charles's death in 1946. We think that the May 25 and June 5, 1945 agreements manifest an intention of the petitioners to join together in the conduct of a business subsequent to Charles's death. The agreement executed on May 25 provided that Gregor and Clara, upon the demise of Charles, would enter into a limited partnership agreement with Leopold Frankel, the trustee who was to represent the limited partner, Rita. On June 5, Rita appointed Leopold Frankel as trustee, to represent her limited partnership interest in the limited partnership to be formed at Charles's death. We interpret the May 25 agreement as providing that Rita's capital contribution was to be Charles's interest in the partnership which she was to acquire by will (and which she did in fact so acquire). Since it was contemplated that Rita was to be a limited partner represented by a trustee and in view of the limited source of Rita's partnership profits (one-half of the commissions on sales made to the Cliffside Dyeing Corporation) it seems quite natural that she was never consulted as to management and never rendered any services to the *256 partnership. Rita's failure to file a certificate with the county clerk as required by statute does not affect the status of the partnership as between the parties, at least for Federal income tax purposes. Francis L. Burns Et Al., Executors, 13 B.T.A. 293 (1928). A factor indicating that Rita was considered a limited partner in 1946 is that Leopold Frankel sent Rita a copy of the Report and Accounts of the partnership for the year ending December 31, 1946. Also note that as late as March 27, 1953 Rita referred in a letter to Frankel to "the amount of monies due me as a partner." (Letter, part of Ex. 19) We hold that Rita became a limited partner in the Oilchem Company partnership on Charles's death in 1946. We must now decide whether Rita sold her limited partnership interest to Gregor and Clara in 1946. It is clear from our discussion above that none of the four agreements executed by Charles and the petitioners in 1945 effectuated a sale of Rita's limited partnership interest in 1946 or prior thereto. If Rita ever sold her partnership interest she did so under the agreement of October 20, 1949. However, we do not construe that agreement as an echoing over of an oral *257 agreement of sale made in 1946 even though it provided that any sums paid to Rita by the partnership subsequent to Charles's death were to be applied against the sales price. We hold therefore that Rita did not sell her limited partnership interest to the partnership in 1946. It follows that Rita must include in her income for 1946 her distributive share of partnership profits for that year, and conversely it is proper for the partnership to credit Rita with the full amount of her distributive share on the partnership tax return for 1946 even though Rita was not actually paid that much. Section 182(c), Internal Revenue Code of 1939. Decisions will be entered under Rule 50.